HASSARD BONNINGTON LLP
THOMAS M. FRIEDER, ESQ., State Bar No. 95411
Two Embarcadero Center, Suite 1800
San Francisco, California 94111-3941
Telephone: (415) 288-9800
Fax: (415) 288-9801
Email: tmf@hassard.com

Attorneys for Defendants
C.R. BARD, INC. AND DAVOL, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| FRANK LAPOMARDO and BARBARA LAPOMARDO,<br><br>Plaintiffs,<br><br>vs.<br><br>C.R. BARD, INC., DAVOL INC. and DOES 1 TO 100,<br><br>Defendants. | No.<br><br>**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL** |

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant C.R. Bard, Inc. ("Bard") and Defendant Davol Inc. ("Davol"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Superior Court of California in and for Fresno County, California, to this Court. In support of removal, Defendants state as follows

**I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED**

1. Plaintiffs commenced this action with their Complaint filed in Fresno County Superior Court on or about September 6, 2007. Bard was served with the Complaint on October 4, 2007. Davol was served with the Complaint on October 3,

2007.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiffs' Complaint) is attached hereto as Ex. A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Superior Court of California in and for Fresno County, California, where Plaintiffs' Complaint is pending. *See* 28 U.S.C. § 84(b).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Davol and Bard, through service, of Plaintiffs' Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Superior Court of California in and for Fresno County, California, where Plaintiffs' Complaint is pending. A copy of this Notice of Removal is attached as Ex. B and the written notice of same provided to the state court is also being served upon Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION

1. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiffs and Bard and Davol. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied

1. Although Defendants deny Plaintiffs' claims, and although Plaintiffs seek an unspecified amount in damages, Defendants believe in good faith that more than $75,000 is in controversy, and therefore the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met. Plaintiffs' claims sound in product

liability and seek recovery for personal injuries allegedly caused by a defective medical device, the Composix® Kugel® hernia repair patch, that was manufactured and sold by Davol and used in conjunction with Plaintiff Frank Lapomardo's hernia repair. (*See* Compl. "Introduction"). Plaintiffs allege that due to its allegedly defective design, the Composix® Kugel® hernia patch failed, causing Plaintiff Frank Lapomardo to suffer "economic and non-economic damages…hospital and medical expenses and general damages," (*Id.* ¶ 11). Plaintiffs also allege that "[P]laintiffs sustained and continue to suffer several personal injuries, pain, suffering, and emotional distress." (*Id.* ¶ 18). Plaintiffs further allege that as a result of the injuries Plaintiff Frank Lapomardo allegedly sustained from the Composix® Kugel® hernia patch, Plaintiff Barbara Lapomardo "has been, and will continue to be, deprived of the consortium, society, comfort, protection and service of F[rank] L[apomardo], thereby causing and continuing to cause [her] grief, sorrow, mental anguish, emotional distress and pain and suffering. (*Id.* ¶ 62; *see also id.* ¶ 11 ). Plaintiffs seek recovery for "general damages[,] medical, surgical, hospital and incidental expenses", and punitive damages. (*See* Compl. "Prayer").

2. The amount-in-controversy requirement is easily met here because the types of injuries alleged in Plaintiffs' Complaint, in combination with Plaintiffs' compensatory and punitive damages allegations make it "facially apparent that the claims are likely above" the requisite amount-in-controversy. *See, e.g., Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citing *Allen v. R & H Oil & Gas Co., supra*). In fact, other plaintiffs have brought other actions against Davol and Bard making similar allegations as the ones expressed here pleading an amount-in-controversy in excess of $75,000. *See, e.g., Poston v. Davol Inc., et al.*, No. 2:07-cv-00032 (E.D. Cal.) (alleging damages "in the amount of $1,000,000,000"; plaintiff subsequently indicated there had been a clerical error, and the intended allegation was $1,000,000) (Ex. C); *Risley v. Davol Inc., et al.*, 07-cv-0806 (S.D. Cal.) (alleging damages in excess

of requisite amount required by 28 U.S.C. § 1332) (Ex. D); *see also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 295-96 (S.D.N.Y. 2001) (looking to other suits involving the same product to resolve amount-in-controversy inquiry). Further, federal courts in analogous cases have held that the amount-in-controversy threshold is met because, as here, "the complaint . . . does not preclude recovery in excess of $75,000." *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d at 296. Moreover, plaintiffs here have served defendants with a statement of damages, pursuant to California Code of Civil Procedure Section 425.11, in which they state they are seeking damages totaling $350,000 (Ex. A).

**B. The Parties Are Completely Diverse**

1. Plaintiffs are residents and citizens of Clovis, Fresno County, California. (*See* Compl. ¶ 11.)

2. Defendant Bard is, and has been at all relevant times, a corporation organized under the laws of New Jersey with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *See* 28 U.S.C. § 1332(c)(1).

3. Defendant Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

4. Defendants "DOES 1 to 100" are named and sued fictitiously, and consequently their citizenship is disregarded for purposes of determining this Court's diversity jurisdiction. *See* 28 U.S.C. § 1441(a).

WHEREFORE, Defendant C.R. Bard, Inc. and Defendant Davol Inc. respectfully remove this action from the Superior Court of California in and for Fresno County, California, to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully

/ / /

request an opportunity to provide briefing and oral argument.

Dated: October 17, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

BY:/s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendant C.R. BARD, INC.
and defendant DAVOL INC.

**DEMAND FOR JURY TRIAL**

Defendants C.R. Bard, Inc. and Davol Inc. hereby demand that this action and all issues present be tried by a jury.

Date: October 17, 2007

Respectfully submitted,

HASSARD BONNINGTON LLP

BY:/s/ Thomas M. Frieder
Thomas M. Frieder
Attorneys for defendant C.R. BARD, INC.
and defendant DAVOL INC.

# PROOF OF SERVICE

**Case Name:** **Frank Lapomardo and Barbara Lapomardo vs. C.R. Bard, Inc. Davol Inc.**

**Court:** **United States District Court**
**Eastern District of California**

**Case No.:**

1. At the time of service I was over 18 years of age and not a party to this action.
2. My business address is Two Embarcadero Center, Suite 1800, San Francisco, CA 94111.
3. On **October 17, 2007**, I served the following documents:

**DEFENDANT C.R. BARD, INC.'S AND DEFENDANT DAVOL INC.'S NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL**

4. I served the documents on the **persons** below as follows:

Edward B. Chatoian II, Esq.
Law Offices of Edward B. Chatoian
2607 Fresno Street
Fresno, CA 93721

5. The documents were served by the following means (specify):

____ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening. The time of service was _________.

X **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at San Francisco, California.

____ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

____ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

____ **By fax transmission.** I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used.

____ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: **October 17, 2007**

Esther Hom