# EXHIBIT A

**CT CORPORATION**
A WoltersKluwer Company

# Service of Process Transmittal

10/04/2007
CT Log Number 512655598

**TO:** Jean Miller, Assistant Secretary
C. R. Bard, Inc.
730 Central Avenue, 730 Central Avenue
New Providence, NJ 07974

**RE:** **Process Served in California**

**FOR:** C. R. Bard, Inc. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frank Lapomardo and Barbara Lapomardo, Pltfs. vs. C.R. Bard, Inc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Stipulation Form, Notice of Case Management Conference, Cover Sheet, Statement of Damages |
| **COURT/AGENCY:** | Fresno County, Fresno, Superior Court, CA<br>Case # 07CECG02965 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Bard Composix Kugel Large Oval Hernia Patch - Defective - PET Memory recoil ring which casued the ring to break and cause abdominal damage such as the fistula |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/04/2007 at 14:14 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 01/07/08 at 1:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Edward B. Chatoian<br>Law Offices of Edward B. Chatoian<br>2607 Fresno Street<br>Fresno, CA 93721<br>559 485 0101 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 798779376725<br>Email Notification, Jean Miller JEAN.MILLER@CRBARD.COM |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>Nancy Flores<br>818 West Seventh Street<br>Los Angeles, CA 90017<br>213-337-4615 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process Transmittal**
10/04/2007
CT Log Number 512655609

RECEIVED
OCT 05 2007
C.R. BARD, INC.
LAW DEPT

**TO:** Stephen Long, General Counsel
C. R. Bard, Inc.
730 Central Avenue
New Providence, NJ 07974

**RE:** **Process Served in California**

**FOR:** Davol Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Frank Lapomardo and Barbara Lapomardo, Ptlfs. vs. C.R. Bard, Inc., et al. including Davol, Inc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s), Stipulation Form, Notice of Case Management Conference, Cover Sheet, Statement of Damages |
| **COURT/AGENCY:** | Fresno County, Fresno, Superior Court, CA<br>Case # 07CECG02965 |
| **NATURE OF ACTION:** | Product Liability Litigation - Drug Litigation - Bard Composix Kugel Large Oval Hernia Patch - Defective - PET Memory recoil ring which casued the ring to break and cause abdominal damage such as the fistula |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/03/2007 at 14:14 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 01/07/08 at 1:30 p.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Edward B. Chatoian<br>Law Offices of Edward B. Chatoian<br>2607 Fresno Street<br>Fresno, CA 93721<br>559 485 0101 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Standard Overnight , 790352668576 |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

SEP - 6 2007

FRESNO COUNTY SUPERIOR COURT
By LE - DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
C. R. BARD, INC., DAVOL, INC. and DOES 1 to 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
FRANK LAPOMARDO and BARBARA LAPOMARDO

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT, COUNTY OF FRESNO
1100 Van Ness Avenue
Fresno, CA 93724-0002

CASE NUMBER: *(Número del Caso):* 07 CE CG 02965

CENTRAL DIVISION

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
EDWARD B. CHATOIAN #63957
LAW OFFICES OF EDWARD B. CHATOIAN (559) 485-0101 (559) 485-7643
2607 FRESNO STREET
FRESNO, CA 93721

DATE: *(Fecha)* SEP - 6 2007 Clerk, by *(Secretario)* LINDA ESPARZA, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [X] on behalf of *(specify)*: C.R. Bard, Inc.

under [X] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SEP - 6 2007
FRESNO COUNTY SUPERIOR COURT
By ______ LE - DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
C. R. BARD, INC., DAVOL, INC. and DOES 1 to 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRANK LAPOMARDO and BARBARA LAPOMARDO

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT, COUNTY OF FRESNO
1100 Van Ness Avenue
Fresno, CA 93724-0002

CASE NUMBER: *(Número del Caso):* 07 CE CG 02965

CENTRAL DIVISION

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
EDWARD B. CHATOIAN #63957 (559) 485-0101 (559) 485-7643
LAW OFFICES OF EDWARD B. CHATOIAN
2607 FRESNO STREET
FRESNO, CA 93721

DATE: *(Fecha)* SEP - 6 2007 Clerk, by *(Secretario)* LINDA ESPARZA, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: Davol, Inc.

under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal Solutions Plus

Code of Civil Procedure §§ 412.20, 465

LAW OFFICES OF
EDWARD B. CHATOIAN
2607 Fresno Street
Fresno, California 93721
TELEPHONE (559) 485-0101
FAX (559) 485-7643

EDWARD B. CHATOIAN II #63957

Attorneys for Plaintiffs, FRANK LAPOMARDO and BARBARA LAPOMARDO

FILED
SEP - 6 2007
FRESNO COUNTY SUPERIOR COURT
By ______________ LE - DEPUTY

SUPERIOR COURT OF CALIFORNIA COUNTY OF FRESNO

CENTRAL DIVISION

* * * * *

| | |
|---|---|
| FRANK LAPOMARDO and BARBARA LAPOMARDO,<br>Plaintiffs,<br>vs.<br>C. R. BARD, INC., DAVOL, INC., and DOES 1 to 100,<br>Defendants. | Case No. 07 CE CG 02965 AMC<br>COMPLAINT FOR PERSONAL INJURIES - PRODUCT LIABILITY |

INTRODUCTION

The above-captioned matter involves the surgical mesh product known as the Bard® Composix® Kugel Large Oval hernia patch (hereinafter the "mesh"), which was designed, manufactured, sold, distributed and promoted by defendants for surgical implantation. The defects include, but are not limited to, a defect in the PET memory recoil ring which caused the ring to break and cause abdominal damage, such as a the fistula experienced by plaintiff FRANK LAPOMARDO.

GENERAL ALLEGATIONS

1. This action for personal injuries and damages is brought on behalf of plaintiff FRANK LAPOMARDO, who was implanted with the "mesh" as

tested, studied, research, evaluated, endorsed, designed, formulated, compounded, manufactured, produced, processed, assembled, inspected, distributed, marketed, labeled, promoted, packaged, advertised for sale, prescribed or otherwise placed in the stream of interstate commerce by defendants C. R. BARD, INC., DAVOL, INC. and DOES 1 to 100.

2. The true names and capacities, whether individual, corporate, or otherwise of defendants DOES 1 to 100, inclusive, are unknown to plaintiffs who therefore sue said defendants by such fictitious names. Plaintiffs believe and allege that each of the defendants designated herein by fictitious names is in some manner legally responsible for the events and happenings herein referred to, and caused damages proximately and foreseeably to plaintiffs as herein alleged.

3. At all times herein mentioned, the term "defendants" includes all those named herein as well as defendants Does 1 to 100.

4. At all times herein mentioned, each of the defendants was the agent, servant, partner, aider and abbettor, co-conspirator and joint venturer of each of the remaining defendants herein and was at all times operating and acting within the scope and purpose of such agency, service, employment, partnership, conspiracy and joint venture and rendered substantial assistance and encouragement to the other defendants, knowing that their conduct constituted a breach of duty.

5. There exists, and at all times herein mentioned, there existed, a unity of interest in ownership between certain defendants and other certain defendants such that any individuality and separateness between the certain defendants has ceased and these defendants are the alter-ego of the other certain defendants and exerted control over those defendants. Adherence to the fiction of the separate existence of these certain defendants as an entity distinct from other certain defendants will permit an abuse of the corporate privilege and

would sanction fraud and would promote injustice.

6. The injuries of plaintiffs were caused by the wrongful acts, omissions and fraudulent misrepresentations of defendants, and each of them, all of which occurred within the State of California.

7. At all times herein mentioned, the defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of research, licensing, designing, formulating, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging and/or advertising for sale or selling, the "mesh".

8. At all times herein mentioned, the defendants, and each of them, were authorized to do business and were doing business within the State of California and did, in fact, supply the aforementioned products within the State of California.

9. At all times herein mentioned, the officers and directors of the defendants named herein participated in, authorized and directed, the production and promotion of the aforementioned product when they knew, or with the exercise of reasonable care should have known, of the hazards and dangerous propensities of said product and thereby actively participated in the tortious conduct which resulted in the physical injuries described herein.

10. At all times herein mentioned, the Distributor Defendants herein, and each of them, were engaged in the business of distributing, supplying and selling the "mesh".

THE PARTIES

11. Plaintiffs FRANK LAPOMARDO and BARBARA LAPOMARDO are husband and wife and reside in the City of Clovis, County of Fresno, State of California. Plaintiff FRANK LAPOMARDO has suffered economic and non-economic damages, including, but not limited to, hospital and medical expenses and general

damages, as a result of the defect in the "mesh". Plaintiff BARBARA LAPOMARDO has suffered a loss of consortium due to the injuries sustained by FRANK LAPOMARDO as a result of the defect in the "mesh". Plaintiff FRANK LAPOMARDO had the mesh removed on February 8, 2006, and discovered sometime thereafter that the "mesh" was defective.

12. C. R. BARD, INC., is the manufacturer of the"mesh", and its principle place of business is in Murray Hill, New Jersey. DAVOL, INC. is the co-manufacturer and/or distributor of the "mesh" and its principle place of business is Cranston, Rhode Island. Defendants continue to conduct distribution and sales business within the State of California and, more specifically, within the geographic jurisdiction of this Court. At all times relevant hereto, defendants were engaged in the business of licensing, designing, manufacturing, distributing and selling, either directly or indirectly, through third parties or related entities, the "mesh". Plaintiffs allege on information and belief that defendants do business in the State of California and County of Fresno and, at all times relevant hereto, it developed, manufactured and sold in interstate commerce and in California and Fresno County, the aforementioned "mesh".

13. Defendants DOES 1 through 100 are individuals, corporations, partnerships or other business entities doing business, or licensed to do business, in the State of California.

FIRST CAUSE OF ACTION

(Strict Liability - Manufacturing Defect)

14. Plaintiffs incorporate by reference herein paragraphs 1 through 13 as though fully set forth herein.

15. The "mesh" previously described was defective at the time of its manufacture, development, production, testing, inspection, endorsement, sale and distribution, in that, and not by way of limitation, said "mesh" was defective due to a faulty recoil ring, as set forth above, and the "mesh" differs from

defendants' intended result and differs from apparently identical products from the same defendants.

16. At all times herein mentioned, the "mesh" was defective and defendants knew the "mesh" was to be used by the user without inspection for defects therein. Moreover, plaintiffs neither knew, nor had reason to know at the time of the use of the subject product, of the existence of the aforementioned defects.

17. As a result of the defective condition of the aforementioned "mesh" plaintiffs suffered injuries and damages as herein alleged.

18. As a direct and proximate result of the implantation of the "mesh", plaintiffs sustained and continue to suffer several personal injuries, pain, suffering and emotional distress. As a result thereof, plaintiffs have sustained and will continue to sustain damages in an amount unknown at this time. Such amounts will be shown according to proof at trial.

19. As a direct and proximate result of the implantation of the defective "mesh", plaintiffs have incurred, and will continue to incur, medical and hospital expenses in an amount unknown at this time. Such amounts will be shown according to proof at trial.

SECOND CAUSE OF ACTION

(Strict Liability - Failure to Warn)

20. Plaintiffs incorporate by reference herein paragraphs 1 through 19 as though fully set forth herein.

21. The "mesh" was defective at the time of its manufacture, development, production, testing, inspection, endorsement, sale and distribution, in that, and not by way of limitation, said "mesh" and its warnings, instructions and directions failed to warn of the dangerous propensities of said "mesh", which risks were known or reasonably scientifically knowable to defendants, and each of them. Defendants knew, or should have known, of the defective condition,

characteristics and risks associated with said "mesh", as previously set forth herein.

22. At all times herein mentioned, the aforementioned "mesh" was defective, and defendants knew that the "mesh" was to be used by the user without inspection for defects therein. Moreover, plaintiffs neither knew, nor had reason to know at the time of the use of the subject "mesh" of the existence of the aforementioned defects.

23. As a result of the defective condition of the aforementioned "mesh", plaintiff suffered injuries and damages as alleged herein, and as described in paragraphs 18 and 19 above.

THIRD CAUSE OF ACTION

(Negligent Manufacturing)

24. Plaintiffs incorporate herein by reference paragraphs 1 through 23 as though fully set forth herein.

25. At all times herein mentioned, the subject "mesh" was reasonably certain to be dangerous if negligently made, and defendants, and each of them, had a duty to exercise reasonable care in the design, manufacture, testing and inspection of the "mesh", so that the "mesh" would be safely used in a manner and for a purpose for which it was made.

26. At all times herein mentioned, defendants negligently and carelessly tested, studied, researched, evaluated, endorsed, manufactured, designed, formulated, produced, processed, assembled, inspected, distributed, marketed, labeled, packaged, prepared for use and sold the aforementioned "mesh".

27. As a result of said negligence and carelessness of defendants, and each of them, plaintiffs suffered injuries and damages as set forth herein and as described in paragraphs 18 and 19 above.

/ / /

/ / /

FOURTH CAUSE OF ACTION

(Negligent Failure to Warn)

28. Plaintiffs incorporate herein by reference paragraphs 1 through 27 as though fully set forth herein.

29. At all times herein mentioned, defendants knew or had reason to know that the subject "mesh" was dangerous or likely to be dangerous for the use for which it was supplied, and defendants, and each of them, had a duty to use reasonable care to give warning of the dangerous condition of the "mesh" or of facts which made it likely to be dangerous to those whom defendants should have expected to use the "mesh" or be endangered by its probable use. Moreover, defendants had reason to believe that users of the "mesh" would not realize its dangerous condition.

30. At all times herein mentioned, defendants negligently and carelessly failed to adequately warn of the aforementioned dangerous condition of the "mesh" , and the risks and dangers of the aforementioned "mesh".

31. As a result of said negligence and carelessness of defendants, and each of them, plaintiffs suffered injuries and damages as set forth herein and as described in paragraphs 18 and 19 above.

FIFTH CAUSE OF ACTION

(Negligence Per Se)

32. Plaintiffs incorporate herein by reference paragraphs 1 through 31 as though fully set forth herein.

33. At all times herein mentioned, defendants had an obligation not to violate the law, in the manufacture, design, formulation, testing, production, processing, assembly, inspection, research, distribution, marketing, labeling, packaging, preparation for use, sale and warning of the risks and dangers of the aforementioned "mesh".

34. Upon information and belief, plaintiffs allege that defendants,

and each of them, violated the Federal Food, Drug and Cosmetic Action, 21 U.S.C. §301, et seq., related amendments and codes, federal regulations, promulgated thereunder, and other applicable state and federal laws.

35. Plaintiff FRANK LAPOMARDO, as a purchaser and consumer of the "mesh", is within the class of persons the statutes are designed to protect, and plaintiff's injuries are the type of harm these statutes are designed to prevent. Injuries due to: 1) the failure to adequately warn of known or reasonably knowable defects, and 2) the failure to disclose all adverse events or adverse event reports, are the types of harm these statutes were designed to prevent.

36. Defendants, and each of them, failed to meet the standard of care set by the foregoing statutes and regulations, which were intended for the benefit of individuals such as plaintiff, making defendants, and each of them, negligent per se.

37. As a direct result of defendants' violations of the statutes described above, plaintiffs suffered injuries and damages as set forth herein and as described in paragraphs 18 and 19 above.

<u>SIXTH CAUSE OF ACTION</u>

(Breach of Implied Warranty)

38. Plaintiffs incorporate by reference herein paragraphs 1 through 37 as though fully set forth herein.

39. Prior to the time that the aforementioned "mesh" was used by plaintiff FRANK LAPOMARDO, defendants, and each of them, warranted to plaintiff and plaintiff's agents and physicians that said "mesh" was of merchantable quality and safe and fit for the use for which it was intended.

40. Plaintiff FRANK LAPOMARDO was, and is, unskilled in the research, design and manufacture of the aforementioned "mesh" and reasonably relied entirely on the skill, judgment and implied warranty of defendants, and each of them, in using the aforementioned "mesh".

41. The aforementioned "mesh" was neither safe for its intended use nor of merchantable quality, as warranted by defendants, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user.

42. Defendants, and each of them, by selling, delivering and/or distributing the defective "mesh" to plaintiff FRANK LAPOMARDO breached the implied warranty of merchantability and fitness and caused plaintiff to suffer severe pain and emotional distress and incur medical expenses.

43. As a result of the aforementioned breach of implied warranty by defendants, and each of them, plaintiffs suffered injuries and damages as alleged herein and as described in paragraphs 19 and 20, above.

SEVENTH CAUSE OF ACTION

(Breach of Express Warranty)

44. Plaintiffs incorporate by reference herein paragraphs 1 through 43 as though fully set forth herein.

45. At all times herein mentioned, defendants, and each of them, expressly warranted to plaintiff FRANK LAPOMARDO and plaintiff's agents and physicians, by and through statements made by defendants or their authorized agents or sales representatives, orally and in publications, package inserts and other written materials intended for physicians, medical patients and the general public, that the aforementioned "mesh" was safe, effective, fit and proper for its intended use.

46. In utilizing the aforementioned "mesh", plaintiffs relied on the skill, judgment, representations and foregoing express warranties of defendants. Said warranties and representations were false in that the aforementioned "mesh" was not safe and was unfit for the uses for which it was intended.

47. As a result of the aforementioned breach of express warranties by defendants, and each of them, plaintiffs suffered injuries and damages as

alleged herein and as described in paragraphs 19 and 20, above.

EIGHTH CAUSE OF ACTION

(Deceit by Concealment)

48. Plaintiffs incorporate by reference paragraphs 1 through 47 above as though fully set forth herein.

49. Defendants, and each of them, from the time that the aforementioned "mesh" was first tested, studied, research, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, willfully deceived plaintiffs by concealing from plaintiffs, plaintiff FRANK LAPOMARDO'S physicians, and the general public, the true facts concerning said "mesh", which defendants had a duty to disclose.

50. At all times mentioned herein, defendants, and each of them, promoted the sale of the aforementioned "mesh" and willfully deceived plaintiffs, plaintiff FRANK LAPOMARDO'S physicians, and the general public as to the health risks and consequences of the use of the aforementioned "mesh".. Defendants, and each of them, were aware of the foregoing, and that the aforementioned "mesh" was not safe, fit and effective for implantation into the human body, the use of said "mesh" was hazardous to health, and said "mesh" had a serious propensity to cause serious injury to users, including, but not limited to, the injuries suffered by plaintiff FRANK LAPOMARDO delineated herein.

51. Defendants, and each of them, intentionally concealed and suppressed the true facts concerning said "mesh" with the intent to defraud plaintiffs, in that defendants knew that plaintiff FRANK LAPOMARDO's physicians would not utilize the subject "mesh", and plaintiff would not have received the subject "mesh" if plaintiff and plaintiff's physicians had been aware of the true facts concerning the dangers of said "mesh".

52. As a result of the foregoing fraudulent and deceitful conduct by defendants, and each of them, plaintiff FRANK LAPOMARDO has suffered injuries

and damages as described above, and is deserving of punitive damages against defendants, and each of them, as well as the damages described in paragraphs 19 and 20 above.

NINTH CAUSE OF ACTION

(Negligent Misrepresentation)

53. Plaintiffs incorporate by reference paragraphs 1 through 52 above as though fully set forth herein.

54. Defendants, and each of them, from the time that the aforementioned "mesh" was first tested, studied, researched, evaluated, endorsed, manufactured, marketed and distributed, and up to the present, made false representations, as previously set forth herein, to plaintiff FRANK LAPOMARDO, plaintiff's physicians and the general public, including, but not limited to, the misrepresentations that the "mesh" was safe, fit and effective for implantation into humans. At all times herein mentioned, defendants, and each of them, promoted the sale of the aforementioned "mesh" and willfully deceived plaintiff FRANK LAPOMARDO, plaintiff's physicians and the general public as to the health risks and consequences of the use of the "mesh".

55. Defendants, and each of them, made the foregoing representations without any reasonable ground for believing them to be true. These representations were made directly by defendants, by their sales representatives and other authorized agents of defendants, and in publications and other written materials directed to physicians, medical patients and the public, with the intention of inducing reliance and the purchase and use of the subject "mesh".

56. The foregoing representations by the defendants, and each of them, were, in fact, false, in that the aforementioned "mesh" was not safe, fit and effective for implantations. In fact, the use of said "mesh" is hazardous to health, and said "mesh" has a serious propensity to cause serious injuries to users,

including, but not limited to, the injuries suffered by plaintiffs as delineated herein.

57. The foregoing representations by defendants were made with the intention of inducing reliance and the purchase and use of the "mesh".

58. In reliance on the misrepresentations by defendants, and each of them, plaintiff FRANK LAPOMARDO was induced to purchase the "mesh" and have it implanted. If plaintiff had known to the true facts and the fats concealed by defendants, plaintiff would not have used the subject "mesh". The reliance of plaintiff upon defendants' misrepresentations was justified because such misrepresentations were made and conducted by individuals and entities who were in a position to know the true facts.

59. As a result of the foregoing negligent misrepresentations by defendants, and each of them, plaintiffs suffered injuries and damages as alleged herein, and as described in paragraphs 19 and 20 above.

TENTH CAUSE OF ACTION

(Loss of Consortium - Against All Defendants)

60. Plaintiffs incorporate by reference herein paragraphs 1 through 59 as though fully set forth herein.

61. Prior to implantation of the "mesh", and at all times mentioned herein, plaintiffs FRANK LAPOMARDO and BARBARA LAPOMARDO were intermarried and were, and now are, husband and wife.

62. By reason of the injuries sustained by FRANK LAPOMARDO, BARBARA LAPOMARDO has been, and will continue to be, deprived of the consortium, society, comfort, protection and service of FRANK LAPOMARDO, thereby causing and continuing to cause said plaintiff grief, sorrow, mental anguish, emotional distress and pain and suffering.

PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray for judgment against defendants, and

each of them, as follows:

1. For general damages in a sum to be ascertained;

2. For medical, surgical, hospital and incidental expenses according to proof;

3. For damages for the sake of example and by way of punishing the defendants;

4. For prejudgment interest according to law;

5. For prejudgment attachment according to law;

6. For attorneys fees according to law;

7. For costs of suit herein; and

8. For such other and further relief as is proper.

Dated: September 6, 2007.

LAW OFFICES OF EDWARD B. CHATOIAN

By: [signature]
EDWARD B. CHATOIAN II
Attorneys for Plaintiff

# Fresno Superior Court
# ALTERNATIVE DISPUTE RESOLUTION

**Alternative Dispute Resolution (ADR)** refers to different processes available to help you settle your lawsuit without having to go to trial. The most common forms of ADR are Mediation, Arbitration, and Case Evaluation. In ADR, a trained and impartial person decides or helps the parties reach resolution of their dispute for themselves. These persons are called neutrals. Neutrals normally are chosen by the disputing parties or by the court.

**There are many advantages to ADR.** ADR is often quicker. A dispute can be resolved in a matter of days or weeks with ADR, while a lawsuit can take months or even years. ADR is often less expensive. Court costs, attorney fees, and expert fees can be saved. ADR can permit more participation. The parties can choose the ADR process that is best for them. ADR can be cooperative. This means that the parties having a dispute can work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them. ADR can reduce stress. There are fewer, if any, court appearances. ADR can be quicker, save money, and is often less stressful than litigation. Most people have reported a high degree of satisfaction with ADR. Because of these advantages, many parties choose this process to resolve disputes instead of filing a lawsuit. Even after a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' positions harden and the lawsuit becomes costly. Alternative Dispute Resolution has been used to resolve disputes even after a trial, when the result is appealed.

**The Potential Disadvantages of ADR**: ADR may not be suitable for every dispute. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court. Generally, there is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit. Lawsuits must be brought with specified periods of time, known as statutes of limitations. Parties must be careful not to let a statute of limitation run out while a dispute is in an ADR process.

**The Most Common Types of ADR**:

**Mediation:** In Mediation, a neutral (mediator) assists the parties in reaching a mutually acceptable resolution of their dispute. Unlike lawsuits or some other types of ADR, the Mediator does not decide how the dispute is to be resolved. The parties do. Mediation is a process in which an impartial third party intervenes to help people communicate with one another in order to reach a mutually agreeable resolution. Advantages are it's reduced cost effectiveness, timeliness and that the disputing parties have control over the outcome for

settlement. With mediation there is a potential for long lasting agreements because parties take a major role in resolving their dispute.
Mediation can be particularly effective when the parties have a continuing relationship, like neighbors or business people. It is also very effective where personal feelings are getting in the way of a resolution. Mediation normally gives the parties a chance to express their feelings and find out how each other sees things. Mediation can also be successful for victims seeking restitution from offenders. In this kind of mediation process, mediators can meet separately with parties when a criminal or violent act has occurred.

**Arbitration:** In arbitration, a neutral (arbitrator) reviews evidence, hears arguments, and makes a decision (award) to resolve the dispute. This is very different from mediation, where the mediator helps the parties reach their own resolution. Arbitration normally is more informal and quicker, and less expensive than a lawsuit. Arbitration is best for cases when the parties have no relationship except for the dispute.

There are two kinds of arbitration in California, private and judicial. **Private Arbitration** usually takes place outside of the courts and is normally binding upon prior agreement of the parties. In most cases binding means that the arbitrator's decision (award) is final and there will not be a trial or an opportunity to appeal the decision. For example, an arbitrator may hear a case in a matter of hours that would normally require a week- long trial. This is because the evidence can be submitted by documents, rather than by testimony.

By contrast, **Judicial Arbitration** is assigned to an Arbitrator through appropriate referral by the court. The process is not binding unless the parties agree that it shall be. A party who does not agree with the award/decision may file a request for a trial with the court within a specified time. However, if that party does not do better in the trial than in arbitration, he or she may have to pay a penalty.

**Case Evaluation:** In case evaluation a neutral (the evaluator) gives an opinion on the strengths and weaknesses of each party's evidence and arguments. Each party gets a chance to present their case and hear the other side. This may lead to a settlement, or at least help the parties prepare to resolve the dispute later. Case evaluation, like mediation, can come early in the dispute and save time and money. Case evaluation in most effective when someone has an unrealistic view of the dispute or when the primary issue is determining case value or when there are technical or scientific questions to be answered.

**For More Information:** There are several other types of ADR. Some of these include conciliation, settlement conference, fact finding, mini trials, Victim Offender Reconciliation Program (VORP), and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type of ADR that is most appropriate in resolving your dispute. The selection of a neutral is an important decision. There is no legal requirement that the neutral be licensed or hold any particular certificate. However, some programs have established qualification requirements for neutrals. Agreements reached through ADR normally are put in writing and if the parties wish, may become binding contracts that can be enforced by a judge. You may wish to seek the advice of an attorney as to your legal rights and other matters relating to the dispute.

**ADR Reporting Requirements:** Upon filing a civil lawsuit in the Fresno Superior Court you will be given a date for a Case Management Conference (CMC). At the CMC you will be assigned a date for your trial and you will be ordered to engage in some form of ADR within 180 days after your CMC hearing. Please refer to the Court's standing order re: CMC. This order will include additional information regarding ADR requirements.

**To locate a dispute resolution program or neutral in our community you can call the Fresno Superior Court ADR Administrator at (559) 488-2778, fax (559) 488-3337 or e-mail: mhenson@fresno.courts.ca.gov**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br><br>TELEPHONE NO: FAX NO:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1100 Van Ness Avenue<br>Fresno, California 93724-0002<br>(559) 488-2778 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **STIPULATION REGARDING ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: |

The parties stipulate that they will engage in the following Alternative Dispute Resolution (ADR) process:

☐ Mediation ☐ Arbitration ☐ Neutral Case Evaluation ☐ Other ____________________

The parties further stipulate that ____________________ has been selected as the mediator/arbitrator/neutral.

Address: ____________________

City, State, Zip ____________________

Phone Number: ( ) ____________________

The parties acknowledge that they shall engage in some form of Alternative Dispute resolution (ADR). The Alternative Dispute resolution (ADR) must be completed within **180 days** after the Case Management Conference or prior to the Mandatory Settlement Conference, whichever is earlier, unless given prior approval by the court to continue the date.

Parties will be required to file an **Alternative Dispute Resolution (ADR) Status Report at least 10 court days prior** to the Mandatory Settlement Conference. Failure to do so may result in sanctions at an Order to Show Cause (OSC) hearing set by the court.

| Date | Type or Print Name | Signature of Party or Attorney for Party |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |

☐ Additional signatures on Stipulation Regarding Alternative Dispute Resolution (ADR) Attachment

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:<br><br>TELEPHONE NO: FAX NO:<br>ATTORNEY FOR *(Name)*: | *FOR COURT USE ONLY* |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1100 Van Ness Avenue<br>Fresno, California 93724-0002<br>(559) 488-2778 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER: |

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto ☐ Personal Injury – Property Damage ☐ Contract ☐ Other ____________

Date Complaint Filed: ____________________

Date of Alternative Dispute Resolution (ADR) Conference: ________________

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

____________________________________________________________

____________________________________________________________

Amount in controversy:
☐ $0 to $25,000 ☐ $25,000 to $50,000 ☐ $50,000 to $100,000 ☐ Over $100,000.00 (specify) ____________

Case resolved by Alternative Dispute Resolution:

☐ Yes (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☐ No Reason: ____________________________________________

Alternative Dispute Resolution process concluded:

☐ Yes

☐ No Reason for delay: ____________________________________________
*Next scheduled hearing date:* ____________________

Type of resolution process used:
☐ Mediation ☐ Arbitration ☐ Neutral Case Evaluation ☐ Other (specify): ____________________

Case was resolved by:
☐ Direct Result of ADR Process ☐ Indirect Result of ADR Process ☐ Resolution was unrelated to ADR Process

Check the box of the closest estimated dollar amount that you in
☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ More than $1,000 (specify) ____________

Check the box of the closest estimated dollar amount spent on the dispute resolution process over and above the dollar amount that would have been spent on the traditional litigation process:
☐ $0 ☐ $250 ☐ $500 ☐ $750 ☐ $1,000 ☐ More than $1,000 (specify) ____________________

**Case Number:**

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days ☐ 1 Day ☐ More than 1 day (specify) ____________________

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days ☐ 1 Day ☐ More than 1 day (specify) ____________________

I would you be willing use the dispute resolution process again:

☐ Yes ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

______________________________________________________________________

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Civil Department - Non-Limited<br>1100 Van Ness Avenue Fresno, CA 93724-0002<br>(559)488-3352 | FOR COURT USE ONLY<br><br>Filed<br>Fresno County<br><br>SEPTEMBER 06, 2007<br>By System |
|---|---|
| TITLE OF CASE:<br><br>**Frank Lapomardo vs C R Bard Inc** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**07CECG02965AMC** |

**To All Parties and their Attorneys of Record:**

This case has been assigned to Judge **Adolfo M. Corona for all purposes.**
All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **JANUARY 07, 2008 at 01:30 PM** in **Dept 3, Floor B2** of the court located at **1100 Van Ness Avenue, Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule 3.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aide office (*listed in the phone book*).

---

DECLARATION

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management Conference and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: **September 6, 2007** Clerk, by ______________________________, Deputy
**L. Esparza**

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

EDWARD B. CHATOIAN #63957
LAW OFFICES OF EDWARD B. CHATOIAN
2607 FRESNO STREET
FRESNO, CA 93721
TELEPHONE NO (559) 485-0101 FAX NO (559) 485-7643
ATTORNEY FOR (Name) FRANK LAPOMARDO

FOR COURT USE ONLY

FILED
SEP - 6 2007
FRESNO COUNTY SUPERIOR COURT
By ______ LE - DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS 1100 Van Ness Avenue
MAILING ADDRESS Fresno, CA 93724-0002
CITY AND ZIP CODE
BRANCH NAME CENTRAL DIVISION

CASE NAME: LAPOMARDO vs. DAVOL, INC., et al.

## CIVIL CASE COVER SHEET

[X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less)

Complex Case Designation
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER 07 CE CG 02965
JUDGE
DEPT

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [X] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (*not specified above*) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (*not specified above*) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought (*check all that apply*):
   a. [X] monetary b. [ ] nonmonetary, declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): 10
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: September 6, 2007
EDWARD B. CHATOIAN II
(TYPE OR PRINT NAME)
▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.



Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 3.220, 3.400-3.403; Standards of Judicial Administration, § 19

- DO NOT FILE WITH THE COURT -

CIV-050

- UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address) TELEPHONE NO. (559) 485-0101

EDWARD B. CHATOIAN II
EDWARD B. CHATOIAN #63957
LAW OFFICES OF EDWARD B. CHATOIAN
2607 FRESNO STREET
FRESNO, CA 93721
ATTORNEY FOR (name): FRANK and BARBARA LAPOMARDO

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO
STREET ADDRESS: 1100 Van Ness Avenue
MAILING ADDRESS: Fresno, CA 93724-0002
CITY AND ZIP CODE:
BRANCH NAME: CENTRAL DIVISION

PLAINTIFF: FRANK LAPOMARDO, et al.
DEFENDANT: C. R. BARD, INC., et al.

## STATEMENT OF DAMAGES
(Personal Injury or Wrongful Death)

CASE NUMBER: 07CECG02965

To (name of one defendant only): C.R. Bard, Inc.
Plaintiff (name of one plaintiff only):
seeks damages in the above-entitled action, as follows:

| | AMOUNT |
|---|---|
| 1. **General damages** | |
| a. [X] Pain, suffering, and inconvenience | $ 250,000.00 |
| b. [ ] Emotional distress | $ |
| c. [ ] Loss of consortium | $ |
| d. [ ] Loss of society and companionship *(wrongful death actions only)* | $ |
| e. [ ] Other *(specify)* | $ |
| f. [ ] Other *(specify)* | $ |
| g. [ ] Continued on Attachment 1.g. | |
| 2. **Special damages** | |
| a. [X] Medical expenses *(to date)* | $ 50,000.00 |
| b. [X] Future medical expenses *(present value)* | $ 50,000.00 |
| c. [ ] Loss of earnings *(to date)* | $ |
| d. [ ] Loss of future earning capacity *(present value)* | $ |
| e. [ ] Property damage | $ |
| f. [ ] Funeral expenses *(wrongful death actions only)* | $ |
| g. [ ] Future contributions *(present value) (wrongful death actions only)* | $ |
| h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* | $ |
| i. [ ] Other *(specify)* | $ |
| j. [ ] Other *(specify)* | $ |
| k. [ ] Continued on Attachment 2.k. | |

3. [ ] **Punitive damages**: Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*. . $ ____________ when pursuing a judgment in the suit filed against you.

Date: September 27, 2007

EDWARD B. CHATOIAN II
(TYPE OR PRINT NAME)

(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)